UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MALONEY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| CAVALRY PORTFOLIO SERVICES, LLC ) | |
| and CAVALRY SPV I, LLC, ) | |
| ) | |
| DEFENDANT. ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Christopher Maloney, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and Defendant transacts substantial business here.

## **PARTIES**

3. Plaintiff, Christopher Maloney ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Bank of America/FIA Card Services, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595. It does or transacts business in Illinois. Its registered agent and office are Illinois CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

5. Defendant CPS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. CPS holds a collection agency license from the state of Illinois.

7. Defendant CPS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

9. Defendant Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

10. Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

11. Defendant Cavalry is licensed as a debt collection agency in the State of Illinois.

12. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

## FACTUAL ALLEGATIONS

13. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Bank of America/FIA Card Services, N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

15. Cavalry purportedly purchased the alleged debt sometime thereafter.

16. Cavalry then hired or retained the law firm of Shindler & Joyce ("Shindler") to recover the debt.

17. On or about October 21, 2014, Shindler filed a lawsuit on behalf of Cavalry against Plaintiff to collect on the alleged debt ("State Action"). The complaint was filed in the Circuit Court of Cook Count, First Municipal District, and styled *Cavalry SPV I LLC, vs. Christopher R. Maloney*, Case No. 2014-M1-146824. (Exhibit A, Small Claims Complaint).

18. Plaintiff was served with the state court summons and complaint and appeared, *pro se*, on or about August 17, 2016 and filed his answer on the same date.

19. Paragraph 2 of Cavalry complaint stated "The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due in the amount of $4,137.15" (Exhibit A, Small Claims Complaint).

20. In response to Defendant's Paragraph 2, Mr. Maloney's *pro se* answer to the complaint stated: "I do not agree". (Exhibit B, Plaintiff's Answer to Small Claims Complaint).

21. Plaintiff's statement that he did not agree that he owed a balance of $4,137.15 was a dispute regarding the debt, and that dispute was communicated to Defendant through the filing of the pleading.

22. Upon the filing of the pleading, CPS knew or should have known that Plaintiff disputed the accuracy of the claimed debt since it would have obtained that information from its sister company, Cavalry and was reporting the debt on behalf of Cavalry.

23. On or about August 30, 2016, CPS communicated information regarding the alleged debt to the TransUnion consumer reporting agency.

24. CPS communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit C, TransUnion excerpt).

25. CPS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on or about August 30, 2016.

26. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

27. 15 U.S.C. § 1692e of the FDCPA also provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> *. . .* **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

28. On or before August 30, 2016, CPS knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff disputed the debt in his *pro se* answer filed in the state court action and served on Cavalry' attorneys and agents.

29. Even though CPS knew or should have known, prior to August 30, 2016, that Plaintiff disputed owing the alleged debt, CPS failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when it communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

30. Cavalry is liable for the acts and omissions of CPS, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

31. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT- CAVALRY AND CPS

32. Plaintiff re-alleges the previous paragraphs as if set forth fully in this count.

33. Cavalry and CPS failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency, in violation of 15 U.S.C. §§ 1692e and 1692e(8), when reporting other information regarding an alleged debt.

34. As a result of the Defendants violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants Cavalry and CPS as follows:

      A.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      C.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON LAW FIRM, P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
Ph: (312) 300-4167
Fx: (312) 340-5712
Bryan@bryanthompsonlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

6